# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:18-cr-00033 |
| Plaintiff | ) | JUDGE PAMELA A. BARKER |
| vs. | ) | **DEFENDANT ASHIS RAKHIT'S MOTION TO SUPPRESS** |
| ASHIS K RAKHIT. | ) | **STATEMENT, AND ACCOMPANYING** |
| JAYATI GUPTA RAKHIT | | **MEMORANDUM OF LAW** |
| | ) | (HEARING REQUESTED) |
| Defendants | | |
| | ) | |

Now comes the Defendant, Ashis K. Rakhit, by and through undersigned counsel, and moves this Honorable Court to suppress the statement he provided to law enforcement at or near the time of his arrest, on or about January 24, 2018, and any evidence derived therefrom.

This motion is premised on the legal argument set forth in the accompanying memorandum, to be supplemented by additional argument and evidence as required.

An evidentiary hearing is requested.

Respectfully submitted,

/s/ Steven L. Bradley
STEVEN L. BRADLEY (0046622)
MARK B. MAREIN (0008118)
Marein & Bradley
Suite 222, Leader Building
526 Superior Avenue
Cleveland, Ohio 44114
(216) 781-0722/FAX: (216) 781-6010
mark@mareinandbradley.com
steve@mareinandbradley.com

## **MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS**

## **SUMMARY OF ARGUMENT**

With respect to custodial interrogations, the Supreme Court has established an unequivocal rule that has been in place for almost forty years:  If a defendant says he or she wants to speak with an attorney, the conversation stops.  The rule makes sense -- when an individual asserts a fundamental right to have an attorney present, law enforcement does not have the option of disregarding that assertion.  A defendant's choice to have an attorney present should not be questioned, should not be second-guessed, and should not be ignored.

The Supreme Court's bright-line is there for a reason.  Custodial interrogations are inherently coercive.  Which is why *Miranda* warnings must be given.  If a defendant is told that he or she can, among other things, speak with an attorney before answering questions, and then such a request does not stop the conversation, the *Miranda* warnings ring hollow -- the defendant might as well be told "you have a right to consult with an attorney -- but it does not count until you say you really mean it after law enforcement tries to talk you out of it."  Instead the Supreme Court has made clear that, when a defendant clearly states that he or she would like to have a lawyer, law enforcement knows the interrogation is over.

In this case Defendant Ashis Rakhit stated, "I'd like to have a lawyer." Instead of stopping, here is how the FBI responded:

| | |
|---|---|
| RAKHIT: | I'd like to have a lawyer so they can guide and say help me. |
| AGENT CORRIGAN: | Pardon? |
| RAKHIT: | I would like to have a lawyer. |
| AGENT CORRIGAN: | You would? |
| RAKHIT: | Yeah. |

1

| | |
|---|---|
| AGENT CORRIGAN: | Okay.  You would like to have -- **because you have one chance at this, to show cooperation.** |

Responding to the agent's admonition that this was his only chance to cooperate, Ashis Rakhit proceeded to question his decision to the agent. After the agent told Ashis that "[f]rom our perspective, we're -- you know, we would like -- we believe it's best for you to cooperate with us," Ashis responded that he was "ready to cooperate."  A statement followed.

The FBI got its way.  The Constitution did not.  Ashis Rakhit's statement was contrary to law, and was involuntary. This requires suppression of his statement and evidence derived therefrom.

## BACKGROUND

On January 24, 2018, Ashis Rakhit was arrested at his home at approximately 6:30 a.m.. Ashis was brought to a room in the home and confronted by two agents.  The lead agent, SA Thomas Corrigan, advised Ashis that he was under arrest.  Corrigan read to Ashis from a standard Miranda warning admonition and waiver, which included the following:

> You have the right to talk to a lawyer for advice before we ask you any questions.  You have the right to have a lawyer with you during questioning.

At the end of the reading of the admonition, Agent Corrigan told Ashis that he had to sign the form to show that it had been read.  Before doing so, Ashis said the following, after which Corrigan responded as indicated below:

| | |
|---|---|
| RAKHIT: | I'd like to have a lawyer so they can guide and say help me. |
| AGENT CORRIGAN: | Pardon? |
| RAKHIT: | I would like to have a lawyer. |
| AGENT CORRIGAN: | You would? |

2

| | |
|---|---|
| RAKHIT: | Yeah. |
| AGENT CORRIGAN: | Okay. You would like to have -- because you have one chance at this, to show cooperation. |

After Corrigan told Ashis that Ashis only had this singular opportunity to cooperate, Ashis kept talking:

| | |
|---|---|
| RAKHIT: | Yeah. Because you see the issue is, I have no idea what question, what is what, what is not. |
| AGENT CORRIGAN: | Yeah. |
| RAKHIT: | A lawyer can guide what to say. |
| AGENT CORRIGAN : | Yeah. Yeah. Okay. |

Ashis continued to question his decision, reading over the rights form aloud. Eventually, he asked Corrigan for Corrigan's opinion. Corrigan told Ashis that:

> From our perspective, we're -- you know, we would like -- we believe it's best for you to cooperate with us,"

Ashis responded that he was "ready to cooperate."

A statement followed
.

## ARGUMENT

### A. Nature of the Hearing and Burden of Proof: Government Must Prove Valid Miranda Waiver by a Preponderance of the Evidence

A hearing on this matter is requested. The statement that the defense seeks to suppress is Defendant Ashis Rakhit's own statement and thus he has standing to challenge its admissibility. *United States v. Conley,* 859 F.Supp. 853 (W.D. Pa. 1994).

At that hearing, the government bears the "heavy burden" of proving by a preponderance of the evidence that the defendant knowingly, intelligently and voluntarily waived his right to

3

remain silent and to have an attorney present during questioning. *Berghuis v. Thompkins*, 560 U.S. 370, 383-84, 130 S.Ct. 2250, 2262, 176 L.Ed.2d 1098 (2010).

A key piece of evidence at the hearing will be a recording of the events of that morning made by the FBI. An unofficial transcript of the interview supplements the recording.

### B. The Government Will Not Sustain Its Burden

This motion to suppress is governed by the United States Supreme Court's decision in *Edwards v. Arizona,* 451 U.S. 477, 84-85, 101 S.Ct. 1880, 1884-85, 68 L.Ed.2d 378 (1981).

> We now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.

Accordingly, this Court's inquiry is threefold:

1. Was this a custodial interrogation?

2. Did Ashis Rakhit invoke his right to counsel?

3. After invoking his right to counsel, did Ashis Rakhit initiate further communication?

These questions are addressed seriatim.

### 1. Custodial Interrogation

Ashis Rakhit had been formally arrested, which included Ashis having already been advised that he was under arrest. Thus, the ensuing interrogation was custodial under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966),

4

### 2. Invocation of Right to Counsel

"I'd like to have a lawyer." With those words, Ashis Rakhit made an unequivocal invocation of the right to counsel.

Confronted with virtually the identical utterance by a defendant, the United States District Court for the Northern District of Iowa held in *United States v. VanWaart,* 2018 WL 2007051 (N.D. Iowa 2018, opinion of Chief Judge adopting report and recommendation) that the defendant had unequivocally invoked counsel. In *VanWaart,* the magistrate judge's report and recommendation was adopted without objection by the United States and included the following:

> VanWaart unequivocally invoked the right to counsel when he said, "Well, I'd like to get my lawyer here so I don't do something wrong." See [*Smith v. Illinois,* 469 U.S. 91, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984)] at 93, 97 (holding that the defendant unambiguously invoked the right to counsel when, in response to being told of his right to consult with an attorney and have an attorney present during questioning, he responded, "Uh, yeah[,][1] I'd like to do that"); *United States v. Carroll*, 102 F. Supp. 3d 1134, 1140-41 (N.D. Cal. 2015) (holding that the defendant unambiguously invoked the right to counsel when he said, "I'd like to have a lawyer with me that way I don't incriminate anybody or myself," and noting that "[t]he government does not take issue with this"); United *States v. Riley*, No. CR 06-187 DSD/FLN, 2006 WL 2640529, at *5, *8 (D. Minn. Sept. 12, 2006) (adopting report and recommendation) (holding that the defendant unambiguously invoked the right to counsel when he stated, "Okay sir, I'd like to see a lawyer"). *Considering what VanWaart said here, it is hard to imagine how his request could be clearer.*

*United States v. VanWaart,* 2018 WL 3097048 (N.D. Iowa, 2018, report and recommendation; adopted, 2018 WL 2007051) (emphasis added). *See also, United States v. Kouayara,* 189 F.Supp.3d 835 (D. Minn. 2016) ("there is no doubt that law enforcement officers warned Kouayara of her Miranda rights, and that Kouayara validly invoked her right to counsel mere seconds into the interview by unequivocally stating 'I would like a lawyer to be present.'"). *Accord, United States v. Hawkins,* 2019 WL 6768815 (E.D. Mich. 2019) (unequivocal request

---

[1] This ellipsis appears in the opinion.

when defendant stated: "Other than that, I don't want to talk about this bro'. Cuz', I ask from the get go, do I need my lawyer and I'm thinking, that's what it is looking like. Like I need my lawyer.").

This Court should similarly conclude that Ashsis Rakhit invoked his right to counsel.

### 3. Ashis Rakhit Did Not Initiate Further Conversation

Ashis Rakhit's invocation of the right to counsel should have ended the conversation. Instead, Agent Corrigan immediately told Ashis that "you have one chance at this, to show cooperation." Agent Corrigan, by telling Ashis of his fleeting opportunity to cooperate, understandably prompted Ashis to question his decision and keep talking. This violates *Edwards*.

Confronted with virtually the identical exchange between defendant and law enforcement, the United States District Court for the District of Maryland held that the defendant was not the initiator of further conversation when, after invoking the right to have counsel present, the interrogating agent responded, " "look, this is the only chance you're going to be able to talk to me. I'm not coming back and I'm not waiting around for a lawyer," after which the defendant made a statement. *United States v. Tolley* 2009 WL 3259129 (D. Md., 2009). The defendant's statement was suppressed.

Similarly, in *United States v. Gomez,* 927 F.2d 1530 (11th Cir. 1991), the court reversed a conviction where a defendant's statement was admitted in violation of *Edwards*. There, the defendant requested counsel and the agents, much like Agent Corrigan, responded by explaining the potential penalties that Gomez faced and that his only chance of lessening his punishment was via cooperation. The Eleventh Circuit held the agent's statements "clearly constituted further interrogation." *Gomez,* at 1538.

6

> The law in this area is clear: once an accused requests counsel, the officer cannot ask questions, discuss the case, or present the accused with possible sentences and the benefits of cooperation. [citing *Rhode Island v. Innis,* [446 U.S. 291, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980], and *United States v. Johnson,* 812 F.2d 1329, 1331 (11th Cir.1986)]. Any information or discussion regarding the case should be addressed to the accused's attorney. Only if the accused, after requesting counsel, voluntarily initiates further communication can the agents pursue more information and interrogation. *Edwards,* 101 S.Ct. at 1885. Agent Henley's statements constituted further interrogation and occurred immediately prior to Gomez's request to cooperate, rendering suspect the voluntariness of Gomez's "initiation" of the conversation and his desire to cooperate. The subsequent inculpatory statements by Gomez were therefore inadmissible at trial.

*Gomez,* at 1539.

More recently, the Eleventh Circuit, reaffirmed its decision in *Gomez.* In *United States v. Thomas,* 521 Fed.Appx. 878, 886 (11th Cir. 201), the court held that it was "undoubtedly error," albeit harmless, for the district court to have admitted statements of Thomas that, like the statements in the instant case, came after the defendant asserted the right to counsel, only to be met by law enforcement then discussing the opportunity to cooperate.

> After Thomas requested counsel, the detectives not only continued discussing Thomas's case, but they also pressed on her the possible "benefits of cooperation" as well the penalties of disobedience. *See Gomez,* 927 F.2d at 1539. In doing so, Detectives Neal and Richardson unmistakably violated *Edwards* 's "rigid prophylactic rule." *See Towne v. Dugger,* 899 F.2d 1104, 1106 (11th Cir.1990), *abrogated on other grounds by Davis v. United States,* 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994); *see also Smith v. Illinois,* 469 U.S. 91, 92–96, 105 S.Ct. 490, 491–93, 83 L.Ed.2d 488 (1984) (*per curiam*) (holding police violated *Edwards* when they continued questioning a defendant after his initial invocation of the right to counsel, even though he responded to the subsequent questioning).

*Thomas,* at 882.

This Court should similarly conclude that Agent Corrigan did not honor Ashis Rakhit's invocation of his right to counsel.

7

## CONCLUSION AND REMEDY

For these reasons, and those to be posited in any supplemental or responsive pleading, as well as that evidence and argument presented at the hearing on this matter, this Court should conclude that Ashis Rakhit's statement was involuntary, and should suppress the statement of Ashis Rakhit as well as any evidence derived therefrom. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 40, 79 L.Ed.2d 441 (1963).

Respectfully submitted,

/s/ Steven L. Bradley_____
STEVEN L. BRADLEY (0046622)
MARK B. MAREIN (0008118)
Marein & Bradley
Suite 222, Leader Building
526 Superior Avenue
Cleveland, Ohio 44114
(216) 781-0722/FAX:  (216) 781-6010
mark@mareinandbradley.com
steve@mareinandbradley.com

## CERTIFICATE OF SERVICE

The foregoing was served upon all parties to this case, including the Office of the United States Attorney and Attorney Richard H. Blake, counsel for co-defendant Jayati Gupta Rakhit, via the Court's electronic filing system at the time of filing.

/s/ Steven L. Bradley_____
STEVEN L. BRADLEY (0046622)