**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **United States of America,** | **Case No.  1:18cr33** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Ashis Rakhit, et al.,** | |
| | **MEMORANDUM OPINION AND** |
| **Defendants** | **ORDER** |

Currently pending is Defendants' Joint Motion to Dismiss Counts 42, 45-51, and 54-57 as Duplicitous.  (Doc. No. 153.)  The United States filed a Brief in Opposition on July 20, 2021, to which Defendants replied on July 27, 2021.  (Doc. Nos. 175, 202.)  For the following reasons, Defendants' Joint Motion is DENIED.

**I.      Background**

Defendants Ashis Rakhit ("Dr. Rakhit") and Jayati Gupta Rakhit ("Dr. Gupta") (collectively, "Defendants") are husband and wife medical doctors who specialize in cardiovascular disease and internal medicine.  (Doc. No. 46 at ¶ 1.)  In the mid-1990s, Dr. Rakhit formed Ashis K. Rakhit, M.D., Inc., and Dr. Gupta formed Ohio Cardiology Associates, Inc. ("OCA").  (*Id*. at ¶ 2.)  Collectively, Defendants had four practice locations, in Cleveland, Strongsville, and Parma, Ohio.  (*Id*. at ¶ 3.)

On January 17, 2018, Defendants were indicted on multiple counts of (1) conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 (Count 1); (2) health care fraud in violation of 18 U.S.C. § 1347  and 2 (Counts 2 through 12); (3) false statements relating to health care matters in violation of 18 U.S.C. § 1035 and 2 (Counts 13 through 18); and (4) distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(2) (Counts 19 through 24). (Doc.

No. 1.)  The Indictment charged that, from January 2011 to the date of the indictment, Defendants illegally distributed prescription-controlled substances to customers located in the Northern District of Ohio, including prescriptions for oxycodone, tramadol, and alprazolam.  (*Id.* at ¶ 23.)  It further charged that, during this same time period, Defendants committed health care fraud by submitting billings to Medicare and Medicaid for services that were not medically necessary, or by using inflated or "upcoded" codes that reflected services more costly than those which were actually performed. (*Id.* at ¶ 35.)  Lastly, Defendants were charged with knowingly making materially false and fraudulent statements in connection with claims for reimbursement, including false diagnoses for certain patients.  (*Id.* at ¶ 44.)

On January 16, 2019, the grand jury returned a Superseding Indictment against Defendants, which added numerous counts, including (1) false statements related to health care matters, in violation of 18 U.S.C. § 1035 and 2 (Counts 42 through 57); and (2) distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(2). (Doc. No. 46.)  With respect to Counts 42 through 57, the Superseding Indictment charged that between November 2015 and January 2018, Defendants knowingly made false statements by making and submitting false diagnoses for several patients in connection with claims for reimbursement.  (*Id.* at ¶ 45.)  According to the Superseding Indictment, "each submitted diagnosis constitute[es] a separate count."  (*Id.*)  The Superseding Indictment included the following chart, which indicated the count number, the charged defendant, the date on which the defendant allegedly submitted the false diagnosis, the beneficiary, and the allegedly false diagnoses that the defendant allegedly submitted in connection with claims for reimbursement:

| Count | Defendant | Date | Beneficiary | False diagnosis |
|---|---|---|---|---|
| 42 | GUPTA | 11/14/15 | MM | Chest pain, intermittent claudication, vertigo, bruit |
| 43 | GUPTA | 6/9/16 | SS | Chest pain |
| 44 | GUPTA | 6/28/16 | CD | Occasional chest discomfort |
| 45 | RAKHIT | 6/28/16 | CD | Chest pain, intermittent claudication, vertigo, bruit |
| 46 | GUPTA | 2/25/17 | SAS | Occasional chest discomfort, shortness of breath, intermittent claudication, vertigo, bruit |
| 47 | RAKHIT | 2/27/17 | GN | Shortness of breath, palpitations, and nonrheumatic mitral insufficiency |
| 48 | GUPTA | 3/14/17 | ME | Palpitations and Hypertension |
| 49 | GUPTA | 3/28/17 | LL | Dyspnea and Palpitations |
| 50 | GUPTA | 5/2/17 | EHS | Occasional chest discomfort, shortness of breath |
| 51 | RAKHIT | 5/2/17 | EHS | Shortness of breath, intermittent claudication, vertigo, bruit |
| 52 | GUPTA | 5/5/17 | LL | Hyperlipidemia |
| 53 | GUPTA | 8/22/17 | LL | Unspecified Osteoarthritis |
| 54 | GUPTA | 10/17/17 | LL | Palpitations, Hypertension, and Abnormalities in Breathing |
| 55 | GUPTA | 12/6/17 | SS | Occasional chest discomfort, shortness of breath |
| 56 | RAKHIT | 12/6/17 | SS | Chest pain, shortness of breath, intermittent claudication, vertigo, bruit |
| 57 | RAKHIT | 1/22/18 | AK | Chest pain, shortness of breath |

(*Id.*)

On July 12, 2021, Defendants filed a Joint Motion to Dismiss Counts 42, 45 through 51, and 54 through 57 as Duplicitous. (Doc. No. 153.) The United States filed a Brief in Opposition on July 20, 2021, to which Defendants replied on July 27, 2021. (Doc. Nos. 175, 202.)

II.    Analysis

Defendants argue that "each separate false statement" in Counts 42, 45 through 51, and 54 through 57 "is a separate offense that must be charged separately." (Doc. No. 153, PageID# 3208.) For example, in Count 42, the Government alleges that Dr. Gupta made four allegedly false

3

diagnoses: chest pain, intermittent claudication, vertigo, and bruit.  (*Id.* at PageID# 3210.)  According to Defendants, the Government should have charged each of those diagnoses as separate offenses because each is a separate, allegedly false statement.  (*Id.*)  Defendants contend that "combining multiple false statements in one count"—*i.e.*, each of the four allegedly false diagnoses in Count 42— "makes the count duplicative."  (*Id.*)

In response, the United States argues that Defendants' Motion should be denied because "[e]ach count concerns a single patient record prepared and used by the charged defendant, in which the defendant listed one or more falsified diagnosis, conjured to fraudulently justify a medically unnecessary procedure."  (Doc. No. 175, PageID# 4143.)  The United States asserts that the "proper unit of prosecution here" is, per the words of 18 U.S.C. § 1035(a)(2), "any materially false *writing or document*" which the respective defendant knew contained "any materially false, fictitious, or fraudulent statement or entry."  (*Id.*)  In other words, according to the United States, a single *document* that contains multiple falsehoods, as is the case here, is correctly charged in a single count.  (*Id.* at PageID# 4144.)

"An indictment is duplicitous if it sets forth separate and distinct crimes in one count."  *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002).  To determine whether there is duplicity in an indictment, "the decisive criteria are legislative intent and separate proof."  *United States v. Damrah*, 412 F.3d 618, 622 (quoting *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988) (overruled on other grounds by *Schad v. Arizona*, 501 U.S. 624)).  "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both."  *United States v. Anderson*, 605 F.3d 404, 414 (6th Cir. 2010) (citing *United States v. Washington*, 127 F.3d 510, 513

(6th Cir. 1997)).  "However, a charge that permits more than one factual basis for conviction does not automatically require a unanimity instruction."  *United States v. Eaton*, 784 F.3d 298, 308 (6th Cir. 2015) (internal quotations omitted).  While "'a jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element,' nonetheless the jury 'need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element.'"  *Id.* (quoting *Richardson v. United States*, 526 U.S. 813, 817 (1999)).

In the Superseding Indictment, the government alleges that Defendants "did knowingly and willfully make or cause to be made a materially false, fictitious and fraudulent statement and representation, and make and use any materially false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items and services," specifically the false diagnoses outlined in Counts 42 through 57, in violation of 18 U.S.C. § 1035 and 2.  (Doc. No. 46, ¶ 45.)  Section 1035 reads:

> § 1035. False statements relating to health care matters.
>
> > (a) Whoever, in any matter involving a health care benefit program, knowingly and willfully—
> >
> > > . . .
> > > (2) *makes any materially false, fictitious, or fraudulent statements* or representations, <u>*or makes or uses any materially false writing or document*</u> knowing the same to contain any materially false, fictitious, or fraudulent statement or entry,
> >
> > In connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 5 years, or both.

18 U.S.C. § 1035(a) (emphasis added).  Thus, there are two ways to run afoul of § 1035(a)(2): an individual could make a false statement in connection with the delivery of health care benefits, *or* an

5

individual could make or use a materially false document in connection with the delivery of health care benefits. *Id.* Therefore, either a materially false *statement* or a materially false *document* is an appropriate unit of prosecution under § 1035(a)(2). *See United States v. Schmeltz*, 667 F.3d 685, 687-88 (6th Cir. 2011). Because a materially false *document* is an appropriate unit of prosecution under § 1035(a)(2), the Court rejects Defendants' assertion that each individual *diagnosis* must be charged as a separate false statement.

The United States asserts that *United States v. Dedman*—on which Defendants rely in their Motion—is inapplicable to the instant case. (Doc. No. 175, PageID# 4146.) The Court agrees. Defendants rely on a footnote of clear dicta in *Dedman* in which the Sixth Circuit posited that the defendant "may have had grounds for claiming that the second count of the indictment was duplicitous." *United States v. Dedman*, 527 F.3d 577, 600 n.10 (6th Cir. 2008). Thus, the issue of whether the indictment was duplicitous was not before the *Dedman* court. *Id.* Moreover, the *Dedman* defendant was charged with making false statements in violation of 18 U.S.C. § 1001 based on separate statements she made to government investigators. *Id.* at 583. Unlike in the instant case, in *Dedman*, there was no allegation that the defendant falsified a document in violation of 18 U.S.C. § 1001. *Id.*

The United States further asserts that the better comparison is between the instant case and *United States v. Schmeltz*. (Doc. No. 175, PageID# 4146.) The Court agrees. In *Schmeltz*, the defendant was charged with obstruction in violation of 18 U.S.C. § 1519. *Schmeltz*, 667 F.3d at 687. Like § 1035, § 1519 establishes multiple potential units of prosecution: one can violate § 1519 by falsifying an entire record, or by making a false entry in a record. *Id. See also, e.g., United States v. Diana Shipping Servs., S.A.*, 985 F. Supp. 2d 719, 728-29 (E.D. Va. 2013) (concluding that § 1519

contains numerous clauses that set forth various ways in which the statute can be violated); *United States v. Allebban*, No. 12-cr-20292, 2013 WL 12099640, at *2 (E.D. Mich. June 24, 2013).  In *Schmeltz,* the defendant was accused of falsifying an entire document by omitting three discrete facts from a report related to an investigation.  *Schmeltz*, 667 F.3d at 687.  The defendant argued that such a charge was duplicitous because it was based on three separate "false entr[ies]" in the document.  *Id.* at 688.  The Sixth Circuit rejected Schmeltz's argument because he "was not charged with making a 'false entry,' but rather the indictment alleged he 'falsified a document.'"  *Id.*  The court determined that Schmeltz's appeal turned "on whether § 1519 criminalizes the creation of a false *document*, the government's view; or individual false *statements*, Schmeltz's view."  *Id.*  The Court concluded that "the falsification statute plainly criminalizes the creation of a false document," as well as the making of false entries and "several other means of tampering with a document germane to a federal investigation."  *Id.*  The court concluded, "Schmeltz could violate § 1519 once—and no more than once—by falsifying his May 30th report with his omissions," and that the § 1519 count charged only one offense against Schmeltz.  *Id.*  Likewise here, the Court concludes that § 1035(a)(2) criminalizes making a false statement, *as well as* making or using a false document.

The Court's analysis does not end here.  As Defendants correctly point out in their Reply, Schmeltz was *only* charged with falsifying a document in violation of § 1519—*not* of making a false entry *and* falsifying a document.  *Id.* at 687-88.  (*See also* Doc. No. 202, PageID# 4302.)  In this case, Defendants are charged with "knowingly and willfully mak[ing] or caus[ing] to be made a materially false, fictitious and fraudulent statement and representation, *and* mak[ing] and us[ing] any materially false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care

benefits, items and services . . . ."  (Doc. No. 46, ¶ 45, emphasis added).  Thus, unlike in *Schmeltz*, Defendants are charged with making a false statement *and* making a false document.  In its Opposition, the United States only addresses the second half of the allegation within paragraph 45 of the Superseding Indictment, that Defendants made and/or used false documents.  (Doc. No. 175, PageID# 4144-45.)  However, the United States does not address the first half of the allegation within paragraph 45 of the Superseding Indictment, that Defendants made false statements.  In keeping with *Schmeltz*, the Court believes that *all* counts identified under paragraph 45—*i.e.,* Counts 42 through 57—are indeed duplicitous, as each of these counts incorporates both charges (false statements and false documents) alleged in paragraph 45.

However, the Court need not dismiss these counts as duplicitous and denies the Defendants' Motion to do so.  "The rules about multiplicity and duplicity are pleading rules, the violation of which is not fatal to an indictment."  *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981).  A duplicitous indictment can be remedied with an election of the charge to submit to the jury and a jury instruction that requires a unanimous verdict.  *Id.* (a "[d]efendant's remedy is to move to require the prosecution to elect either the count or the charge within the count upon which it will rely."); *see also United States v. Savoires*, 430 F.3d 376, 380 (6th Cir. 2005) (citing *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002)) (a duplicitous charge "is not prejudicial *per se,* because proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense.")  Moreover, the Superseding Indictment clearly indicates that Defendants are charged with making and using fraudulent documents.[1]  (Doc. No. 46, ¶ 45.)  In its Opposition, the United States made clear that it

---

[1] The Court is not persuaded by Defendants' Reply argument that Counts 42, 45, 46, 51, and 56 are duplicitous because the allegedly false diagnoses are found on separate pages from an individual patient's medical record, created during a

believes it "properly alleged one count *for each document* Defendants falsified for use in fraudulent billing." (Doc. No. 175, PageID# 4149, emphasis added.) *See United States v. Aguilar*, 756 F.2d 1418, 1423 (9th Cir. 1985) (concluding that the defendant "was informed of the charge" in the original indictment and that "deletion of the additional charge . . . could not prejudice him in the pre-trial preparation of his defense, though it reduced the charges against him"). Therefore, Defendants are informed of the charge of making and using materially false documents in Counts 42 through 57. *Aguilar*, 756 F.2d at 142; *but see United States v. James*, 749 F. Supp. 2d 705, 709 (S.D. Ohio 2010) (concluding, without explanation, that striking the paragraph with the apparently duplicitous charge from the indictment would be an amendment of substance, not form).[2]

Accordingly, the Government is ordered to elect the charges it seeks to pursue with respect to Counts 42 through 57 upon receipt of this Memorandum Opinion and Order.

### III.    Conclusion

For all the reasons set forth above, Defendants' Joint Motion to Dismiss Counts 42, 45 through 51, and 54 through 57 as Duplicitous is DENIED.

**IT IS SO ORDERED.**

   s/Pamela A. Barker
PAMELA A. BARKER
Date: July 28, 2021                                     U. S. DISTRICT JUDGE

---

single office visit. (*See* Doc. No. 202-1, 202-2, 202-3, and 202-4, test results and studies that comprised a single patient's visit, all dated November 14, 2015.)

[2] In their Reply, Defendants concede that dismissal is not required to remedy the duplicitousness of these Counts: "the Court should either dismiss these counts *or require the government to make an election*." (Doc. No. 202, PageID# 4303, emphasis added.)