# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 1:18-CR-33 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **ASHIS K. RAKHIT AND** | |
| **JAYATI GUPTA RAKHIT,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

This matter is before the Court upon Defendants' Joint *Motion In Limine* To Provide Notice Of Intent To Use Impeachment Evidence Under Rule 609(b), filed on July 14, 2021 ("Defendants' Motion"). (Doc. No. 169.) On July 21, 2021, the United States of America filed the Government's Opposition to Defendants' Motion ("the Government's Opposition"). (Doc. No. 194.) By a Memorandum Opinion and Order issued by this Court on July 23, 2021, the Court notified the parties that for purposes of evaluating Defendants' Motion, the Court would conduct a hearing on the issue during the final pretrial set for July 28, 2021. (Memorandum Opinion and Order, Doc. No. 197.)

During the final pretrial held on July 28, 2021, a hearing was conducted on Defendants' Motion. Upon hearing assertions and argument from counsel for each Defendant, and counsel for the Government, the Court concludes that Defendants have not rebutted the presumption, in effect created by Fed.R.Evid. 609(b), that convictions over ten years old are more prejudicial than helpful and should be excluded. *See United States v. Sims*, 588 F.2d 1145, 1150 (6th Cir. 1978), citing *United States v. Johnson*, 542 F.2d 230, 234-35 (5th Cir. 1976).

Patient S.S.'s 2003 conviction for Conspiracy to Commit Robbery in the Cuyahoga County Court of Common Pleas, Case No. CR-03-437089-A occurred almost 18 years ago. Defendants asserted that although S.S. was convicted in 2003, S.S. was on supervision until 2007 or just 14 years ago and approximately 4 years before the start of the Defendants' conduct alleged in the Superseding Indictment. Also, Defendants asserted that S.S. violated the terms and conditions of supervision several times by using drugs. Defendants contended that since S.S. is the patient who is the subject of more substantive counts than any other patient, S.S.'s credibility is very important. According to Defendants, the jury should know, not only about S.S.'s conviction, but about S.S.'s drug use which, according to Defendants, the jury could determine would have an impact on S.S.'s ability to accurately recollect information. Defendants also argued that since robbery involves a theft of property, S.S.'s conviction for conspiracy to commit a robbery necessarily reflects on S.S.'s honesty or truthfulness, or lack thereof.

As an initial matter, in the Superseding Indictment, S.S. is listed as the beneficiary in 12 substantive counts: (1) five (5) alleging health care fraud in violation of 18 U.S.C. § 1347 and 2;[1] (2) three (3) alleging false statement relating to health care matters in violation of 18 U.S.C. § 1035 and 2;[2] and (3) four (4) alleging distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(2).[3] Defendants are correct that S.S. is the patient or beneficiary listed in more substantive counts of the Superseding Indictment than any other patient or beneficiary identified therein.

As to the *Sims* factors set forth in this Court's Memorandum Opinion and Order (Doc. No. 197, at PageID # 4269), the Court and parties agree that not every one of these factors can be

---

[1] Counts 12, 13, 38, 39, and 40.
[2] Counts 43, 55, and 56.
[3] Counts 76, 77, 78, and 79.

applied to a situation where the impeachment evidence is to be offered relative to a non-party witness such as S.S., as distinguished from a criminal defendant.  Specifically, the similarity between the past crime and the charged crime is not applicable in this Court's evaluation of Defendants' Motion.

As to the "impeachment value of the prior crime" factor, certainly a conviction for conspiracy to commit robbery has some impeachment value to the extent it demonstrates S.S. violated the law.  However, the Court finds that this almost 18-year old conviction does not necessarily have any impeachment value associated with S.S.'s honesty or truthfulness, or lack thereof.  *See United States v. Washington*, 702 F.3d 886 (6th Cir. 2012) ("Theft is a primary example of a crime of stealth, and it has been distinguished from crimes of dishonesty in most federal circuits.  For instance, '[i]t is established in [the Eleventh] Circuit…that crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2).' *United States v. Sellers*, 906 F.2d 597, 603 (11th Cir.1990.)  The Eighth Circuit has reasoned that '[t]heft, which involves stealth and demonstrates a lack of respect for the persons or property of others, is not 'characterized by an element of deceit or deliberate interference with a court's ascertainment of truth.'  [Citations omitted.]")

Therefore, this factor does not weigh heavily in favor of or against using S.S.'s prior conviction to impeach S.S.  And, like S.S.'s conviction, S.S.'s violations of supervision related to S.S.'s drug use may have some impeachment value to the extent they demonstrate S.S. violated the terms and conditions of S.S.'s probation, but they do not necessarily have any impeachment value associated with S.S.'s honesty or truthfulness, or lack thereof.  So, even these probation violations do not weigh heavily in favor of or against using them to impeach S.S.  Moreover, Defendants already have information associated with, or evidence of, S.S.'s drug use and S.S. is

the beneficiary listed in 4 counts alleging distribution of controlled substances. Indeed, Defendants can inquire of S.S.'s use of drugs to impeach S.S.'s ability to remember facts and circumstances, independent of introducing S.S.'s 2003 conviction into evidence at trial.

As to the "point in time of the conviction and the witness' subsequent history" factor, there is no evidence that S.S. has been convicted of any other crimes since 2003, to include any crimes involving dishonesty. Thus, the almost 18-year span of time between the conviction and S.S.'s expected testimony weighs against allowing use of the conviction to attempt to impeach S.S. Moreover, the drug use that constituted violations of probation as late as 2007 occurred approximately 14 years and more ago. Not only does the length of time between the drug use associated with the probation violations weigh against allowing use of the conviction and S.S.'s drug use probation violations, but as noted above, Defendants can inquire of S.S.'s use of drugs to impeach S.S.'s ability to remember facts and circumstances.

As to "the importance of [S.S.'s] testimony" factor, this factor weighs in favor of allowing the conviction to be used to impeach S.S. since, as Defendants' correctly pointed out, S.S. is the patient or beneficiary listed in more substantive counts (12 to be exact) than any other patient or beneficiary identified in the Superseding Indictment.

Finally, as to the "centrality of the credibility issue" factor, the Court finds that S.S.'s credibility will certainly be important for assessing the truthfulness of S.S.'s testimony as it relates to those 12 substantive counts, but the nature of the crime of which S.S. was convicted does not bear on S.S.'s truthfulness or honesty, or lack thereof.

To summarize, only one factor weighs in favor of allowing Defendants to introduce S.S.'s 2003 conviction to attempt to impeach S.S.; all other factors weigh against allowing Defendants to do so.

Accordingly, for the reasons set forth above, Defendants' Motion (Doc. No. 169) is DENIED.

**IT IS SO ORDERED.**

Date:  July 30, 2021

 *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE